IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
| ) | Case No. CR-05-15-E-BLW |
| Plaintiff,    ) | |
| ) | **MEMORANDUM DECISION** |
| v.    ) | **AND ORDER** |
| ) | |
| JOSE L. CASTILLO,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

## MEMORANDUM DECISION

The Court has before it a motion to suppress. (Docket No. 16).  The Court heard testimony and oral argument on June 23, 2005, and took the motion under advisement.  For the reasons expressed below, the Court will deny the motion.

On October 9, 2004, law enforcement officers arrested defendant Castillo, seized guns and drugs from his home, and later filed a five-count indictment against him based on that seizure.  Castillo now seeks to suppress the seized drugs and guns on the ground that the warrantless search violated his Fourth Amendment rights.

At the time of the search, Castillo was on probation.  His Probation Officer, Mike Duncan, authorized the search that Castillo challenges here.  Both sides agree

**Memorandum Decision and Order - 1**

that the sole issue is whether Probation Officer Duncan had a reasonable suspicion at the time he authorized the search that Castillo was engaged in criminal behavior. *See U.S. v. Knight*, 534 U.S. 112 (2001).

The Court finds that he did.  When Probation Officer Duncan authorized the search on October 9, 2004, he had information that (1) Castillo had been dealing drugs in the past; (2) that police officers watching Castillo's home that evening had seen a known drug dealer, John Anderson, leave Castillo's home; (3) that the officers had stopped Anderson just after he pulled away from the Castillo home, and found both marijuana and methamphetamine in his possession; and (4) that there were a number of people going in and out of the Castillo home at a late evening hour.

Castillo argues that the police officer watching his house that night, Officer Reed, testified that he did not actually see Anderson leave the Castillo home, and only saw Anderson drive off, making it unreasonable for Officer Reed to assume that Anderson had been visiting Castillo.  That argument ignores two crucial aspects of this case.

First, the knowledge of Probation Officer Duncan is as important as the knowledge of Officer Reed because it was Duncan who authorized the search. Officer Reed told Duncan that Anderson had left Castillo's home, and Duncan had

**Memorandum Decision and Order - 2**

no reason to believe that Officer Reed was mistaken.  Thus, it was reasonable for Duncan to rely on Officer Reed.

Second, Officer Reed's assumption was a reasonable one.  He testified that he had seen Anderson's car parked in front of Castillo's home, partially blocking the exit of two cars on Castillo's property.  It is reasonable to assume that someone who parks in front of a house, and blocks vehicles parked there, is probably engaged in a short visit to that house.  In fact, a diagram drawn by Officer Reed, and admitted as Exhibit 1, shows Anderson's car parked in a location that would make it reasonable to assume that Anderson was in Castillo's home.  Although Anderson later told Officer Reed that he had not been visiting Castillo, but instead had been visiting a neighbor, Officer Reed's experience told him that Anderson was lying because his explanation was vague and unpersuasive.

In addition, Anderson's answers would lead a reasonable officer to believe that Anderson knew Castillo.  When Anderson was asked by Officer Reed if he was visiting "Smokey," Castillo's nickname, Anderson did not ask who "Smokey" was but simply replied in the negative, explaining that he was visiting someone else.  That answer would lead a reasonable officer to believe that Anderson knew Castillo as "Smokey," and is an additional factor making it reasonable for an officer to believe that Anderson was visiting Castillo.

**Memorandum Decision and Order - 3**

For all of these reasons, the Court finds that Probation Officer Duncan had a reasonable suspicion that Castillo was engaged in criminal behavior. Thus, the search authorized by Probation Officer Duncan did not violate Castillo's Fourth Amendment rights.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to suppress (Docket No. 16) is DENIED.

DATED: **June 27, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court